IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT STEWART, | ) | 4:11CV3009 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NORA RAGON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on January 21, 2011. (Filing No. 1.) Plaintiff was given leave to proceed in forma pauperis on January 24, 2011. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.  **SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint against six individuals: Nora Ragon ("Ragon"), Patricia Sue Hartwell ("Hartwell"), Richard Freeman ("Freeman"), and John Does 1, 2, and 3. (Filing No. 1 at CM/ECF pp. 1-2.) Liberally construed, Plaintiff alleges discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 and e-3(a) ("Title VII").

Plaintiff alleges that he is a black male. We was terminated from Place of Work Mission Distribution on March 25, 2010, because he complained about Ragon's "unlawful employment practices." (Filing No. 1 at CM/ECF p. 4.) Plaintiff describes Ragon's unlawful employment practices as allowing only white people employed at the mission distribution to shop during their lunch hour breaks, while allowing all other races to shop from 1 p.m. to 5 p.m. (*Id.* at CM/ECF pp. 7-8.) This "special policy" was enforced by Does 2 and 3, and specifically enforced against Plaintiff by Doe 3. (*Id.* at CM/ECF p. 8.) Plaintiff also alleges that Doe 1 drove a

forklift at Place of Work Mission Distribution and intentionally hit Plaintiff with the forklift. (*Id.* at CM/ECF p. 6.) After Plaintiff was terminated, he reported the "unlawful employment practices" to Hartwell, who Plaintiff describes as a "farm out employment and training coordinator [at] Experience Work, Inc." (*Id.* at CM/ECF p. 4.) However, Hartwell and her supervisor, Freeman, refused to investigate Plaintiff's claims. Plaintiff seeks equitable relief and $5,000,000 in damages from each Defendant.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.  DISCUSSION OF CLAIMS

Liberally construed, Plaintiff alleges discrimination and retaliation in violation of Title VII. Specifically, Plaintiff alleges that he was terminated from Place of Work Mission Distribution on March 25, 2010, because he complained about Ragon's "unlawful employment practices," and also alleges that he was not allowed to shop at the mission distribution over his lunch break because he is black. (Filing No. 1 at CM/ECF p. 4.)  Plaintiff has not named Place of Work Mission Distribution as a defendant in this matter.

### A.  Exhaustion

Prior to filing a suit in federal court under Title VII, a plaintiff is required to exhaust his administrative remedies by first seeking relief through the EEOC or the NEOC.  The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause.  If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice.  42 U.S.C.A. § 2000e-5(f)(1); *see also Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570 (8th Cir. 1997). The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge.  42 U.S.C.A. § 2000e-5(f)(1).  The civil complaint may only encompass issues that are reasonably related to the substance of charges timely brought before the EEOC/NEOC. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).

Here, Plaintiff has not attached a right-to-sue letter from the EEOC/NEOC. It appears from Plaintiff's filings that he has filed a claim with the EEOC (*see* filing no. 1 at CM/ECF p. 15), however, Plaintiff has not alleged that he received a right to sue letter. Thus, it is unclear whether Plaintiff has exhausted his administrative remedies. On the court's own motion, the court will give Plaintiff 30 days in which to file a

3

copy of his EEOC/NEOC charge and his right-to-sue notice with the court. Summons will not be issued until after receipt of these documents. In addition, if Plaintiff fails to comply with the court's orders, his Complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### B. Defendants Not Employers Within Meaning of Title VII

Plaintiff cannot maintain his Title VII claims against any Defendants currently named in the Complaint. Title VII prohibits *employers* from engaging in certain unlawful employment practices because of an individual's race, color, religion, sex, or national origin. In addition, Title VII makes it unlawful for an "*employer* to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3 (emphasis added). However, Title VII does not impose individual liability on coworkers or supervisors. *Roark v. City of Hazen*, 189 F.3d 758, 761 (8th Cir. 1999) (stating individual supervisors may not be held liable under Title VII); *McCann v. New World Pasta Co.*, 2010 WL 3834650, *1 (E.D. Mo. Sept. 27, 2010) (holding Title VII and ADA claims were legally frivolous as to individual defendants because chief executive officers, supervisors, and co-employees cannot be held individually liable under Title VII or ADA).

Here, Plaintiff has named six individual defendants, none of which appear to be Plaintiff's "employer" within the meaning of Title VII. On its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to either sufficiently allege that any defendant is Plaintiff's "employer" within the meaning of Title VII or, in the alternative, Plaintiff may amend his Complaint to name a proper defendant. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's Complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days to amend his Complaint to clearly state a claim upon which relief may be granted. If Plaintiff fails to file an adequate amended complaint within 30 days, this matter will be dismissed without further notice.

2. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this Memorandum and Order.

4. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: **April 11, 2011**: Check for amended complaint.

DATED this 14th day of March, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.