IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT STEWART, | ) | 4:11CV3009 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NORA RAGON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff Robert Stewart's ("Stewart") Amended Complaint. (Filing No. 7.) As set forth below, Stewart will be given 20 days in which to show cause why his case should not be dismissed for his failure to file suit within 90 days of his receipt of a right-to-sue letter from the Equal Employment Commission ("EEOC").

## *I. BACKGROUND*

On March 14, 2011, the court conducted an initial review of Stewart's Complaint and found that Stewart had failed to state a claim upon which relief may be granted. (Filing No. 6.) The court determined, among other things, that Stewart had not alleged that he exhausted his administrative remedies prior to filing suit in federal court under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 and e-3(a) ("Title VII"). (*Id.* at CM/ECF p. 3.) Specifically, Stewart had not alleged that he received a right-to-sue letter from the EEOC. (*Id.*) In light of this pleading deficiency, the court granted Stewart an opportunity to file a copy of his EEOC/NEOC charge and right-to-sue notice with the court. (*Id.* at CM/ECF p. 4.) In response, Stewart filed a copy of his EEOC right-to-sue notice, which is dated September 14, 2010. (Filing No. 7 at CM/ECF pp. 10-11.)

## *II. ANALYSIS*

There is a time limit for bringing a discrimination claim under federal law. Pursuant to Title VII, a claimant must file suit within ninety days of receipt of a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). A claimant's failure to file suit within this period bars his or her right to pursue the claim, absent equitable tolling or exceptional circumstances. See *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393-96 (1982).

Here, the EEOC mailed Stewart a Dismissal and Notice of Rights document regarding Stewart's discrimination charge on September 14, 2010. (Filing No. 7 at CM/ECF pp. 10-

11.) This Dismissal specifically stated that a "lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost." (*Id.* at CM/ECF p. 10 (emphasis in original).)  There is a presumption that Stewart received the September 14, 2010, Dismissal three days after it was mailed. *Bell v. B & W Company, Inc., No. 8:07-cv-148, 2007 WL 2011234 (D. Neb. July 6, 2007)* (applying a presumption that right-to-sue notices were received three days after mailing). Thus, taking this presumption into consideration, Stewart received the Dismissal on September 17, 2010, yet he did not file this matter until January 21, 2011.  (Filing No. 1 at CM/ECF p. 1.)  Stated another way, Stewart filed this matter 126 days after receiving his right-to-sue notice.  Stewart does not contend that any equitable or exceptional circumstances exist that warrant tolling of the 90-day period.

   IT IS THEREFORE ORDERED that:

   1. Stewart will be given 20 days to show cause why this case should not be dismissed for his failure to file suit within 90 days of receipt of a right-to-sue letter from the EEOC.  If Stewart fails to show that equitable or exceptional circumstances exist that warrant tolling of the 90-day period, this matter will be dismissed without further notice.[1]

   2. The court directs the Clerk of the court to set the following pro se case management deadline in this matter: April 27, 2011: Deadline for Plaintiff to show cause.

   DATED this 8th day of April, 2011.

            BY THE COURT:

            s/ Joseph F. Bataillon
            Chief United States District Judge

---

[1] The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2).

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.