IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT STEWART, | ) | 4:11CV3009 |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM AND ORDER** |
| NORA RAGON, et al., | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. On April 8, 2011, this court ordered plaintiff Robert Stewart ("Stewart") to show cause why this matter should not be dismissed for his failure to file suit within 90 days of his receipt of a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").¹ (Filing No. 8 at CM/ECF p. 2.) Specifically, the court determined that Stewart received a right-to-sue notice on September 17, 2010, but did not file suit until January 21, 2011 (i.e., 126 days after receiving the right-to-sue notice). (*Id*.) The court gave Stewart until April 27, 2011, to show that equitable or exceptional circumstances exist that warrant tolling of the 90-day period. (*Id.*) The court warned Stewart that failure to do so would result in this matter being dismissed without further notice.

On April 21, 2011, Stewart filed a document entitled an "Amended Complaint to Show Cause." (Filing No. 9.) In it, Stewart argues that the 90-day period should be tolled because Stewart did not receive a copy of his "grievance" until November 29, 2010. (*Id.* at CM/ECF p. 3.) Even if Stewart needed a copy of his "grievance" prior to filing suit, he had approximately 17 days from November 29, 2010, to file suit and still be within the 90-day time period. However, he waited an additional 53 days after receiving the copy of his

---

¹As set forth in the court's April 8, 2011, Memorandum and Order, there is a time limit for bringing a discrimination claim under federal law. Pursuant to Title VII, a claimant must file suit within ninety days of receipt of a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). A claimant's failure to file suit within this period bars his or her right to pursue the claim, absent equitable tolling or exceptional circumstances. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393-96 (1982).

"grievance" to file suit in this court. As such, Stewart failed to file suit within 90 days of his receipt of a right-to-sue letter.

The court set this matter for an evidentiary hearing to determine whether the plaintiff could provide additional evidence to support his claim of equitable or exceptional circumstances for toling the 90-day time period. An evidentiary hearing occurred on June 2, 2011. The plaintiff personally appeared and offered testimony that he did not receive the right-to-sue letter when he was notified of the EEOC's decision in this matter. Plaintiff admitted that he received notification of the decision, but alleges he did not receive the right-to-sue letter. The plaintiff indicated he later requested a right-to-sue letter from the EEOC, and the EEOC sent him a copy of the right-to-sue letter. The plaintiff believes that receipt of the later requested right-to-sue letter should be the date from which the 90-day limitation should be computed. The court finds that the plaintiff is mistaken and that he in fact received the right-to-sue letter. His right-to-sue letter is dated and would have been a part of the decision which plaintiff admits was sent on or about September 17, 2010.

The court finds that the plaintiff has failed to show that equitable or exceptional circumstances exist that warrant tolling of the 90-day time period.

IT IS THEREFORE ORDERED that:

1.  Plaintiffs claims are dismissed with prejudice.

2.  A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 1st day of September, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.